[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13644
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cv-01724-VMC-TBM

RACHEL PINKSTON,

Plaintiff - Appellant,

versus

UNIVERSITY OF SOUTH FLORIDA BOARD
OF TRUSTEES,
RANDY LARSEN,
DAVID MERKLER,
MATTHEW BATTISTINI,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 28, 2018)

Before NEWSOM, FAY, and JULIE CARNES, Circuit Judges.

PER CURIAM:

In July 2017, Rachel Pinkston ("Plaintiff"), a former student at the University of South Florida, filed a complaint against the University of South Florida Board of Trustees, Chemistry Department Chair Randy Larsen, Professor David Merkler, and Teaching Assistant Matthew Battistini ("Defendants") alleging that Defendants had violated Title IX, 20 U.S.C § 1681 *et seq*. The district court struck the complaint because it had been filed in a closed docket for a previously filed lawsuit that the district court had dismissed a year before. The district court also denied Plaintiff's subsequent motions for reconsideration and recusal. Plaintiff now appeals the court's orders striking her complaint and denying her motions. After careful consideration, we conclude that the district court erred in striking Plaintiff's complaint but correctly denied Plaintiff's motions for recusal. According, we reverse in part and affirm in part.

## I.    BACKGROUND

In 2015, Plaintiff filed suit against Defendants. Her first amended complaint alleged that Defendants had discriminated against her in violation of Title IX, 42 U.S.C. § 1981, the Constitution, and Florida law. Defendants filed a motion to dismiss five counts of the complaint, and the district court granted the motion, dismissing those counts without prejudice while giving Plaintiff leave to amend.

Plaintiff then filed a second amended complaint that Defendants promptly moved

to dismiss.  The district court dismissed all but one of Plaintiff's claims, but gave

Plaintiff leave to amend her Title IX claim alleging gender discrimination.  Instead

of amending her complaint, Plaintiff moved to voluntarily dismiss her remaining

claim without prejudice.  The district court granted Plaintiff's motion.  Plaintiff

then filed an appeal.

While that appeal was pending, the district court issued an order taxing costs

and sanctioning Plaintiff for her discovery abuses.  Plaintiff filed a separate appeal

of the court's order.

We then dismissed Plaintiff's first appeal for lack of jurisdiction because the

district court's order granting Plaintiff's motion to voluntarily dismiss her

remaining claim was not a final, appealable order.  *Pinkston v. Univ. of S. Fla. Bd.*

*of Trs.*, No. 16-15065-CC, 2017 WL 3393292 (11th Cir. Jan. 4, 2017)

(unpublished).

While Plaintiff's second appeal regarding the district court's order taxing

costs and imposing sanctions was still pending,[1] Plaintiff, now proceeding *pro se*,

filed a new complaint in the district court re-alleging her Title IX claim against

Defendants.  The district court, acting on its own motion, struck Plaintiff's

---

[1] We have since affirmed the district court's order taxing costs and imposing sanctions.
*Pinkston v. Univ. of S. Fla. Bd. of Trs.*, No. 16-16929, 2017 WL 4680729 (11th Cir. Oct. 18,
2017) (unpublished).

complaint for being improperly filed in a closed docket. Plaintiff filed a motion for reconsideration, arguing that the district court's order was ambiguous and lacked findings of fact and conclusions of law. The district court denied Plaintiff's motion.

Plaintiff then moved for the district judge to recuse herself. The district court denied Plaintiff's motion. Plaintiff filed an amended motion for recusal raising the same arguments, and the district court denied it again.

Plaintiff filed this appeal, arguing that the district court abused its discretion in denying Plaintiff's complaint, motion for reconsideration, and motions for recusal.

## II.    STANDARD OF REVIEW

As an exercise of the district court's "inherent authority to manage its own docket," we review for abuse of discretion a court's decision to strike a pleading. *See Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 & n.14 (11th Cir. 2009); *see also State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). We also review for abuse of discretion the denial of a motion for reconsideration, *Rodriguez v. City of Doral*, 863 F.3d 1343, 1349 (11th Cir. 2017), and the denial of a motion for recusal, *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

4

## III.    DISCUSSION

### A.    Order Striking Plaintiff's Complaint

Plaintiff argues that the district court abused its discretion in striking her complaint because the complaint's allegations stated a prima facie case of Title IX retaliation.  But the adequacy of the complaint was not the reason the district court struck it.  The district court indicated that it struck the complaint because Plaintiff had filed it in a closed action in which the district court lacked jurisdiction over the only live issue.

The problem with the district court's ruling is that Plaintiff never filed her new complaint alleging a Title IX claim in the docket of the closed original action.  As noted, Plaintiff had earlier moved to voluntarily dismiss without prejudice her Title IX claim in the original action.  That motion was granted, meaning that Plaintiff was free to refile her claim in a new complaint.  She did so.  Our review of the district court record does not indicate that Plaintiff filed her complaint in the closed docket of the original action.  As any litigant filing a new action would, she simply filed a complaint showing no case number, with the number to be filled in by the Clerk.  She also filed an unnumbered civil cover sheet indicating in the appropriate space that the closed case was related to her new action, not that it was the same action.  Finally, she filed an affidavit of indigency requesting that she be allowed to proceed without prepaying fees or costs—another indication that she

5

was filing a new action.  Accordingly, because Plaintiff did not actually file her complaint in a closed docket, we conclude that the district court abused its discretion in striking Plaintiff's present complaint.  On remand, Plaintiff should be allowed to proceed on her new complaint.[2]

## B.    Orders Denying Recusal Motions

Plaintiff also argues that the district judge should have granted Plaintiff's recusal motions because the judge has connections to, and is allegedly biased in favor of, universities and Jacksonville, Florida—the city where Defendants' lawyers are from.  For example, the district court judge is a member of the Board of Governors for Georgetown University, received royalties from the University of Florida for a book she published, and at one point had worked in Jacksonville.  Plaintiff also contends that the judge's remarks during a hearing, along with her rulings against Plaintiff, demonstrated the judge's bias.

The district court did not abuse its discretion by denying Plaintiff's motions because the standards for recusal were not met.  We therefore affirm the district court's denial of Plaintiff's recusal motion.  "To warrant recusal under [28 U.S.C.] § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists."  *Christo*, 223 F.3d at 1333.  And to determine whether

---

[2]  In doing so, we do not address whether Plaintiff should be allowed to proceed *in forma pauperis* or whether she has satisfied the conditions imposed by the district court when it granted Plaintiff's motion to voluntarily dismiss her first action.

recusal is necessary under 28 U.S.C. § 455, "the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Id.* "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986).

Here, Plaintiff does not allege—or provide any evidence even suggesting—that the district judge had any actual connection to Defendants or Defendants' lawyers. That the judge was affiliated with other colleges, ruled against Plaintiff, made remarks stressing the importance of Plaintiff's compliance with her discovery obligations, and had once worked out of Jacksonville would not convince a reasonable person that bias actually exists or cause an informed lay observer to have significant doubt about the judge's impartiality. *See Christo*, 223 F.3d at 1333; *see, e.g.*, *United States v. Young*, 39 F.3d 1561, 1569–70 (11th Cir. 1994) (holding that a judge was not required to recuse himself from a case in which he previously engaged in business dealings with a potential defense witness); *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983) (holding that a judge did not have to recuse himself even though he made "intemperate and impatient" remarks against a party).

**REVERSED IN PART AND AFFIRMED IN PART.**

7